IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DR. DIE K. BLAISE,

    Plaintiff,

v.                              Civil Action No. 3:16cv23

DR. SANDRA HARRIS and
VIBRA HOSPITAL OF
RICHMOND, INC.,

    Defendants.

**MEMORANDUM OPINION**

This matter is before the Court on the MOTION IN SUPPORT OF MOTION TO DISMISS THE SECOND COMPLAINT (ECF No. 29). For the reasons set forth below, the MOTION IN SUPPORT OF MOTION TO DISMISS THE SECOND COMPLAINT (ECF No. 29) will be granted.

**BACKGROUND**

Plaintiff, Dr. Die K. Blaise ("Blaise"), pro se, filed a four count complaint ("First Complaint") against Dr. Sandra Harris ("Harris") and Vibra Hospital ("Vibra") in which he asserted (1) First Cause of Action: Harassments; (2) Second Cause of Action: Race, Color and National Origin; (3) Third Cause of Action: Disability; and (4) Fourth Cause of Action: Vibra Hospital of Richmond Violates its own Policy. Vibra and

Harris moved to dismiss the First Complaint and the motion was granted (ORDER, ECF No. 22). That ORDER provided:

> To the extent that count one, "Harassments," seeks relief under Title VII, that claim is dismissed with prejudice. To the extent that count one, "Harassments," seeks relief under 42 § U.S.C. 1981, that claim is dismissed without prejudice. To the extent that count two, "Race, Color, and National Origin," seeks relief under Title VII, that claim is dismissed with prejudice. To the extent that count two, "Race, Color, and National Origin," seeks relief under 42 U.S.C. § 1981, that claim is dismissed without prejudice. To the extent that count two, "Race, Color, and National Origin," seeks relief under the Equal Pay Act, that claim is dismissed with prejudice. To the extent that count three, "Disability," seeks relief under the Americans With Disabilities Act, that claim is dismissed with prejudice. To the extent that count four, "Vibra Hospital of Richmond Violates its own policies," seeks relief for wrongful termination, that claim is dismissed with prejudice.
>
> If Harris chooses to refile the claims which have been dismissed without prejudice (his 42 U.S.C. § 1981 harassment and discrimination claims) he must do so by September 9, 2016.

Thereafter, Blaise filed a new five count complaint ("Second Complaint") against Harris and Vibra alleging: FIRST CAUSE OF ACTION UNDER 42 USC 1981 (WRONGFUL TERMINATION (HARASSMENTS)); SECOND CAUSE OF ACTION UNDER 42 USC 1981 (WRONGFUL TERMINATION (Discrimination-Race, Color and National Origin)); THIRD CAUSE OF ACTION UNDER 42 USC 1981 (DEFAMATION); FOURTH CAUSE OF ACTION UNDER 42 USC 1981 (INTENTIONAL INFLICTION

OF EMOTIONAL DISTRESS); FIFTH CAUSE OF ACTION UNDER 42 USC 1981 (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS). Harris and Vibra have moved to dismiss the Second Complaint. Although all five counts (Blaise has labeled them "Causes of Action") purported to arise by virtue of 42 U.S.C. § 1981, only the first two are federal law claims. The last three are state law claims.[1]

**FACTS**

Blaise is an African-American pharmacist. (Second Compl. ¶ 1.) At the time of his employment, Blaise had a Bachelor of Sciences in Pharmacy and a Doctor of Pharmacy degree. (Id. ¶ 2.) He also alleges twelve years of relevant work experience, including extensive training in clinical pharmacy. (Id.)

Kindred Hospital hired Blaise through PharMerica, Inc. on May 20, 2013 in Richmond, Virginia. (Id. ¶ 1.) In the first

---

[1] Blaise also states that "[m]y wrongful termination violates . . . The Virginia Human Right Act § 2.2-3900." (Second Compl. ¶ 1.) That Act simply does not apply to Plaintiff's case. Section 2.2-3903(A) of the Act states, in relevant part, "Nothing in this chapter . . . creates, nor shall it be construed to create, an independent or private cause of action to enforce its provisions, except as specifically provided in subsections B and C." Subsection B applies only to employers with between five and twenty employees. Vibra likely staffs more than twenty employees. Subsection C imposes a statute of limitations on any cause of action under the Act of within 300 days from an employee's termination. Defendant filed a complaint over a year after his termination from Vibra. Finally, in Doss v. Jamco, Inc., the Supreme Court of Virginia held that § 2.2-3900(D) of the Act does not create a common law cause of action based on the public policy reflected in the Act. See 254 Va. 362, 371 (1997).

three months of his employment, Blaise received training and positive performance evaluations in the use of the hospital's medication order entry software. (Id.)

On September 1, 2013, Vibra acquired Kindred Hospital, including its pharmacy. (Id. ¶ 12.) Vibra replaced the existing medication order entry software with HMS version 1.0 ("HMS"). (Id.) HMS differed from the old software because it used paper order entry and a paper Medication Administration Record system rather than electronic order entry. (Id.) Blaise alleges that all pharmacists received two weeks of intensive training in HMS except the one in which he was employed. According to Blaise, he received only fifteen minutes of instruction. (Id.) Consequently, says Blaise, he learned the program on his own and took longer to process medication orders than the fully-trained pharmacists. (Id.)

Blaise worked under Harris, the Director of Pharmacy and a white woman, until his employment terminated on December 18, 2013. (See id. ¶¶ 1, 14.) After Vibra rolled out HMS, Harris hired three part-time pharmacists who received two weeks of training on HMS. (Id. ¶ 20.) Blaise alleges that Harris started scheduling those three pharmacists more often than he was scheduled and reduced Blaise's hours. (Id.) Blaise made medication dispensation errors in HMS from August through December. (See id. ¶ 9.) He claims that several clinical staff

4

made medication errors but that he was the only staff member who received disciplinary action. (Id.)

Blaise alleges that, from August through December 2013, Harris created a hostile work environment. (Second Compl. ¶ 14.) Specifically, he alleges that Harris routinely asked him to leave at the end of his shift regardless of whether he completed his work for the day. (Id.) He further alleges that Harris called him at home to request that he close the pharmacy, and then reprimanded him for uncompleted tasks the following day. (Id.) Finally, Blaise alleges that Harris made "offensive remarks" and "frequent phone call [sic] threat[s] [with] respect to overtime." (Id.) According to Blaise, Harris treated him this way due to his race and rumors that he was HIV positive. (Id. ¶¶ 3, 21.) He alleges that Harris did not treat Dr. Robert Swendrznski, a white pharmacist also working under Harris, the same way. (Id. ¶ 15.) These conclusory allegations are the sole support for the harassment and discrimination claims.

Vibra terminated Blaise's employment on December 18, 2013. (Id. ¶ 1.) That was done, according to the Second Complaint, in retaliation for (1) rumors that Blaise had HIV and (2) the threat Blaise made to take legal action against Vibra. (Id. ¶¶ 1, 4.)

5

**LEGAL STANDARD**

Fed. R. Civ. P. 12(b)(6) permits a party to move for dismissal of a claim if the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim" showing that the pleader is entitled to relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Courts should assume the veracity of all well-pleaded allegations in the Complaint, and should deny a motion to dismiss where those well-pleaded allegations state a plausible claim for relief. Id. at 679. A claim is "plausible" when the plaintiff pleads facts sufficient to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. Twombly, 550 U.S. at 555. The court should grant a motion to dismiss, however, where the allegations are nothing more than legal conclusions, or where they permit a court to infer no more than a possibility of misconduct. Iqbal, 556 U.S. at 678-79.

A court must typically construe a pro se plaintiff's pleadings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, a court is not required to accept a pro se

6

plaintiff's legal conclusions that are presented as factual allegations, Twombly, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Mkts., Inc. v. T.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

## DISCUSSION

The two claims under 42 U.S.C. § 1981 (the First and Second Causes of Action) fail to allege sufficient facts to meet the plausibility standard of Iqbal and Twombly. In the Second Complaint, Blaise does no more than add conclusory statements to the First Complaint alleging race-based harassment and discrimination. The three state law claims are time-barred under Virginia law. Accordingly, the MOTION IN SUPPORT OF MOTION TO DISMISS THE SECOND COMPLAINT (ECF No. 29) will be granted and the action will be dismissed with prejudice.

### A. First Cause of Action: Harassment Under 42 U.S.C. § 1981

Under 42 U.S.C. § 1981, "All persons . . . shall have the same right in every State . . . to make and enforce contracts . . . as is enjoyed by white citizens."[2] Blaise rests

---

[2] Subsection b of 42 U.S.C. § 1981 further defines "[m]ake and enforce contracts" as including the "making, performance, modification and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Thus, § 1981 provides a cause of action for claims of racially hostile work environment and racial discrimination, as Blaise alleges in the Second

7

his § 1981 harassment claim on the theory that his white supervisor, Harris, created a racially hostile work environment. To properly plead a harassment claim, a plaintiff must plausibly assert that there was harassment and facts from which a jury could find that such harassment was: "(1) unwelcome; (2) based on race; and (3) sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere." Spriggs v. Diamond Auto Glass, 242 F.3d 179, 183-84 (4th Cir. 2001). Given a liberal reading, the Second Complaint can be construed to assert unwelcome harassment by Harris. However, the Second Complaint does not plead sufficient facts to support a claim that the alleged harassment was "sufficiently severe or pervasive to alter the conditions of employment or an abusive atmosphere."

Nor does the Second Complaint plausibly plead race-based harassment. In fact, Blaise does not provide any facts describing the substance of the "offensive remarks." Instead, he only alleges that Harris "frequently called me from home to tell me to close the pharmacy and go home then the next day she reprimanded me for for [sic] tasks not completed." (Second Compl. ¶ 15.) Although Blaise asserts, in conclusory fashion, that this behavior was animated by race, conclusory allegations

---

Complaint. See CBOCS West, Inc. v. Humphries, 553 U.S. 442, 450-51 (2008).

of race-based conduct do not pass muster under Twombly and Iqbal. Therefore, the First Cause of Action will be dismissed; as this is Blaise's second chance, the dismissal will be with prejudice.

### B. Second Cause of Action: Racial Discrimination Under 42 U.S.C. § 1981

To state a claim of racial discrimination under § 1981, a plaintiff must allege: (1) "that he is a member of a racial minority"; (2) "that the defendants' termination of his employment was because of his race;" and (3) "that their discrimination was intentional." Jordan v. Alternative Res. Corp., 458 F.3d 332, 345 (4th Cir. 2006), *overruled on other grounds*, Boyer-Liberto v. Fontainebleau Corp., 786 F.3d 264 (4th Cir. 2015); Long v. Teradata Corp., No. 1:12cv787, 2012 WL 6026441, at *2 (E.D. Va. Dec. 4, 2012); see also Mian v. Donaldson, Lufkin & Jenrette Securities Corp., 7 F.3d 1085, 1087 (2d Cir. 1993).

In Francis v. Giacomelli, 588 F.3d 186, 195 (4th Cir. 2009), three African-American police officers alleged, among other claims, that their firing by the Mayor of Baltimore was racially motivated, in violation of 42 U.S.C. § 1981. To substantiate their § 1981 claims, the officers only alleged that (1) they were African-American; (2) the defendants were all white; and (3) the defendants did not terminate and physically

remove white members of the Police Department. Id. The Fourth Circuit held that these allegations were "conclusory and insufficient to state a § 1981 claim." Id.

As the defendants properly point out, the substance of the factual allegations in this case closely parallel those made by the officers in Francis. In his Second Complaint, Blaise alleges that he is an African-American, and he claims that "other employees" made errors but did not receive the same punishment as he did. (Second Compl. ¶ 19.) However, the Second Complaint does not identify the "other employees," what their job positions were, the severity and frequency of their errors, or their race.[3] (Id.) In sum, the Second Complaint fails to allege facts sufficient to plausibly plead that Vibra terminated Blaise's employment based on his race, or that any alleged racial discrimination was intentional.

Blaise also alleges disparate treatment, in conclusory form, but he fails to plausibly plead facts that show intentional discrimination in the disparity or that the disparity was based on race. The white pharmacist, Swendrznski, and Blaise worked at Vibra for the same length of time but only Swendrznski received a pay raise. (Id.) However, Blaise fails

---

[3] Blaise does allege that Harris herself made a prescription error, but she was his supervisor and he does not link any aspect of his termination claim to the error allegedly made by Harris. (Second Compl. ¶¶ 13, 19.)

10

to allege facts showing that Vibra engaged in race discrimination in deciding to offer Swendrznski a raise but not offering one to Blaise. (Id.) As did the plaintiffs in Francis, Blaise confuses correlation between race and his treatment by Defendants with causation.[4] The Second Cause of Action will also be dismissed with prejudice.

## C. Third Cause of Action: Defamation

Next, Blaise presents a claim for defamation. The statute of limitation for injuries resulting from defamation is one year after the cause of action accrued. Va. Code Ann. § 8.01-247.1 (2016). Blaise's employment with Vibra terminated on December 18, 2013. (Second Compl. ¶ 1.) Blaise states that Vibra's defamatory conduct lasted until his final day of employment. (Id. ¶ 3.) Assuming (without deciding) that the defamation claim can be related back to the First Complaint, Blaise first filed this action on March 17, 2016, well over a year after the cause of action, if any, accrued. Accordingly, the Third Cause of Action is time-barred under Virginia law and will be dismissed with prejudice.

---

[4] Blaise also states that Vibra terminated his employment in retaliation to rumors that he was HIV positive and threatening to take legal action against Vibra because of those rumors. (Id. ¶ 1). This type of allegation is not contemplated within the claims that are available under § 1981.

11

D. **Fourth and Fifth Causes of Action: Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress**

Blaise alleges claims for the intentional infliction of emotional distress and the negligent infliction of emotional distress by the defendants. (Id. ¶¶ 37-43.) Assuming (without deciding) that Blaise has a colorable claim under Virginia law, there is a two-year statute of limitations for all personal injury torts. Va. Code Ann. § 8.01-243. The two-year limitation applies to claims of intentional infliction of emotional distress and negligent infliction of emotional distress. See, e.g., Washington v. Vertiss, LLC, No. 1:14cv1250, 2015 WL 965931, at *3 (E.D. Va. Mar. 4, 2015). This action was filed on March 17, 2016, long past the two-year limitation period. Accordingly, these claims also are time-barred under Virginia law, and the Fourth and Fifth Causes of Action will be dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, the MOTION IN SUPPORT OF MOTION TO DISMISS THE SECOND COMPLAINT (ECF No. 29) will be granted. The action will be dismissed with prejudice.

The Clerk is directed to send a copy of the Memorandum Opinion to Dr. Die K. Blaise.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 6, 2017

13